**WO**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Linden Winston Graham,
Plaintiff,

v.

Eric H. Holder, Jr., Att'y Gen.,
Defendant.

No. CV 12-00066-PHX-JAT

**ORDER**

Pending before the Court are Plaintiff's motion for summary judgment (Doc. 43), Plaintiff's motion requesting to register on PACER (Doc. 46), Plaintiff's motion to vacate the Court's order (Doc. 47), Defendant's motion for summary judgment (Doc. 70), and Defendant's motion to strike Plaintiff's supplement to Plaintiff's motion for summary judgment (Doc. 74). The Court grants Defendant's motion for summary judgment (Doc. 70) and denies the remaining motions for the following reasons.

## I. BACKGROUND

In removal proceedings before an immigration judge, Plaintiff claimed he is a United States citizen by birth in the United States Virgin Islands. The Department of Homeland Security ("DHS"), however, alleged Plaintiff was also known as Winston George Graham and was a citizen of Jamaica. On November 16, 2004, the immigration judge found Plaintiff failed to establish he is a native and citizen of the United States and that DHS met its burden of showing Plaintiff was not born in the United States, but in Jamaica, and the judge ordered him removed. On April 28, 2005, the Board of

Immigration Appeals ("Board") found the immigration judge's determination was not clearly erroneous, and it therefore dismissed Plaintiff's appeal. Plaintiff subsequently filed a petition for review with the United States Court of Appeals for the Ninth Circuit, but his petition was dismissed for failure to prosecute on September 13, 2006. Following reinstatement of the petition before the Court of Appeals and the appointment of pro bono counsel, Plaintiff, who was removed to Jamaica in 2006, submitted new evidence in support of his contention that he was not Winston George Graham or a citizen of Jamaica. *See* (Doc. 1 at 3). On January 9, 2012, after briefing and oral argument, the Court of Appeals concluded there was a material issue of fact with regard to Plaintiff's nationality and transferred his case to this Court for a *de novo* determination of his nationality pursuant to section 242(b)(5) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(b)(5). *See* (*id*. at 1-4).

On March 22, 2012, Plaintiff requested that his counsel no longer represent him. (Docs. 18 & 19). Plaintiff then requested that the Court grant Plaintiff new counsel. (Doc. 20). On April 23, 2012, the Court granted Plaintiff's requests and appointed pro bono counsel for Plaintiff. (Doc. 24). On January 22, 2013, Plaintiff again requested that his counsel be removed from the case and he be allowed to proceed *pro se*. (Doc. 37). That Court granted Plaintiff's latest request to remove counsel and following discovery, on July 8, 2013, Defendant filed the pending motion for summary judgment (Doc. 70) before the Court and a statement of facts in support of the motion (Doc. 71). Plaintiff filed a response (Doc. 73) and Defendant filed a reply (Doc. 77).

## II. ANALYSIS

The Ninth Circuit Court of Appeals transferred Plaintiff's citizenship claim to this Court for "a new hearing on the nationality claim as if an action had been brought in the district court under section 2201 of Title 28 [the provision for declaratory judgment]." INA § 242(b)(5)(B), 8 U.S.C. § 1252(b)(5)(B). Accordingly, in a *de novo* hearing on citizenship, Plaintiff seeks a declaratory judgment finding that he is a United States Citizen. *Sanchez-Martinez v. INS*, 714 F.2d 72, 74 n.1 (9th Cir. 1983). Plaintiff therefore

has the burden of proving his citizenship by a preponderance of the evidence in order to prevail. 28 U.S.C. § 2201; *Sanchez-Martinez*, 714 F.2d at 74 n.1; *Yee Tung Gay v. Rusk*, 290 F.2d 630, 631 (9th Cir. 1961) (plaintiffs seeking declaration of citizenship had burden of establishing their citizenship by a "fair preponderance of the evidence"); *see Mondaca-Vega v. Holder*, 718 F.3d 1075, 1081 (9th Cir. 2013) (citing *Ayala-Villanueva v. Holder*, 572 F.3d 736, 737 n.3 (9th Cir. 2009) (noting, inter alia, "[e]vidence of foreign birth [in removal proceedings] gives rise to a rebuttable presumption of alienage")). Given the multiple pending motions, the sole issue the Court need determine is whether Plaintiff is able to establish that there is a genuine issue of material fact regarding Plaintiff's United States citizenship.

**A. Summary Judgment Standard**

Defendant argues that there is no issue of material fact regarding Plaintiff's claim of United States citizenship by birth because there is no evidence demonstrating Plaintiff was born in the United State Virgin Islands or anywhere else in the United States. (Doc. 70 at 3). Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record," or by "showing that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id.* 56(c)(1)(A)&(B). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* The non-movant "must do

more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e) (1963) (amended 2010)). In the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). A material fact is any factual issue that might affect the outcome of the case under the governing substantive law. *Id*. at 248. A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id*.

At the summary judgment stage, the trial judge's function is to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id*. at 249-250. If the evidence is merely colorable or is not significantly probative, the judge may grant summary judgment. *Id*.

In this case, Plaintiff has failed to file a controverting statement of facts and abide by Local Rule of Civil Procedure ("LRCiv") 56.1(b). This rule requires the party opposing the motion for summary judgment, the non-movant, to file a controverting statement of facts in addition to their response to the motion for summary judgment. LRCiv 56.1(b). In the controverting statement of facts the non-movant must address every one of the material facts that the moving party put forth. *Id*. Further, the rule requires that any additional facts that establish a genuine issue of material fact that the non-movant proffers must "be set forth in [ ] separately numbered paragraph[s] and must refer to [ ] specific admissible portion[s] of the record where the fact[s] find[ ] support." *Id*. "Failure of the non-moving party to comply with LRCiv 56.1(b) is ground for the

Court to disregard a controverting statement of facts and deem as true the moving party's separate statement of facts in support of the motion for summary judgment." *Breeser v. Menta Grp., Inc., NFP*, CV 10-1592-PHX-JAT, 2013 WL 1177651, at *2 (D. Ariz. Mar. 21, 2013) (citing *Szaley v. Pima Cnty*., 371 Fed. Appx. 734, 735 (9th Cir. 2010)).

Even if the Court were to consider the additional facts Plaintiff has raised in his response, *see e.g*., (Doc. 73 at 3) (alleging he voted in California); (*id*.) (alleging he was part of the witness protection program); (*id*.) (alleging the Government fraudulently redacted any information regarding Plaintiff's United States citizenship); (*id*. at 5) (alleging the Government stated Plaintiff's father died in the United States), he has failed to support these alleged facts by reference to specific admissible portions of the record in compliance with LRCiv 56.1(b). Essentially, Plaintiff has offered no proof of the factual allegations he has made. Further, Plaintiff has failed to set forth controverting and additional facts in numbered paragraphs pursuant to LRCiv 56.1(b). "A district court does not have a duty to search for evidence that would create a factual dispute." *Breeser*, 2013 WL 1177651 at *3 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)). "The Court's scrutiny of material statements of facts applies equally to the party seeking summary judgment and the party opposing it. Where a party offers a legal conclusion or statement of fact without proper evidentiary support, the Court will not consider that statement." *Id*. (quoting *Phillips v. Quality Terminal Servs*., LLC, 855 F.Supp.2d 764, 771 (N.D. Ill. 2012)).

The Court will consider Plaintiff's arguments but the Court will not consider Plaintiff's factual assertions that are not supported anywhere in the record. *See* Fed. R. Civ. P. 56(c)(1)(A)&(B).

**B. Citizenship**

"There are 'two sources of citizenship, and two only: birth and naturalization[.]'" *Miller v. Albright*, 523 U.S. 420, 423 (1998) (quoting *United States v. Wong Kim Ark*, 169 U.S. 649, 702 (1898)). Plaintiff contends he was born in the United States Virgin Islands in 1959 and that his father was a United States citizen. (Doc. 73 at 3); (Doc. 70-1 at 3);

*see* INA § 101(a)(38), 8 U.S.C. §§ 1101(a)(38) (the term "United States" generally includes the "Virgin Islands of the United States"); INA § 301(a), 8 U.S.C. § 1401(a) ("a person born in the United States, and subject to the jurisdiction thereof" shall be a national and citizen of the United States at birth"). He does not contend that he has been naturalized. Thus, to demonstrate he is a United States citizen, Plaintiff must establish by a preponderance of the evidence that is a citizen by birth.

Plaintiff can prove citizenship by birth by showing either that he was born in the United States, *Miller*, 523 U.S. at 424, or citizenship by acquisition[1], *see* 8 U.S.C. § 1401(g). Citizenship by acquisition concerns a person born outside the United States to a citizen of the United States. "The applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth." *Anderson v. Holder*, 673 F.3d 1089, 1097 (9th Cir. 2012) (quoting *Runnett v. Shultz*, 901 F.2d 782, 783 (9th Cir. 1990)). The citizenship law in effect at the time of Plaintiff's alleged birth in 1959 was the one enacted by § 301 of the INA of 1952, Pub. L. No. 82–414, 66 Stat. 163, 236, codified at 8 U.S.C. § 1401(a)(7) (1952). That section ("Former § 1401(a)(7)") conferred U.S. citizenship at birth on any

> person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years: Provided, That any periods of honorable service in the Armed Forces of the United States by such citizen parent may be included in computing the physical presence requirements of this paragraph.

**1. Plaintiff Cannot Establish Citizenship by Acquisition**

[1] With regard to citizenship by birth, "the Fourteenth Amendment of the Constitution guarantees that every person 'born in the United States, and subject to the jurisdiction thereof, becomes at once a citizen of the United States, and needs no naturalization.' 169 U.S., at 702, 18 S.Ct., at 477. Persons not born in the United States acquire citizenship by birth only as provided by Acts of Congress. *Id.*, at 703, 18 S.Ct., at 477–478." *Miller*, 523 U.S. at 423-24.

In this case former section 1401(a)(7) is inapplicable because Plaintiff claims he was born in the United States Virgin Islands and not born abroad. Further, even if this section were applicable, Plaintiff has proffered no evidence that his father was ever a United States citizen, let alone that he was a citizen before Plaintiff's birth who was physically present in the United States for at least ten years, at least five of which were after the age of fourteen. *See* 8 U.S.C. § 1401(a)(7) (1952). Consequently, Plaintiff has failed to establish a material issue of fact over whether he is entitled to citizenship by acquisition.

Rather, the evidence offered by Defendant shows Plaintiff's father was born in Belize, and visited the United States on various occasions, but never resided in this country. (Doc. 71 at 4 ¶ 22); (Doc. 77-1 at 1); (Doc. 77-2 at 1-2); (Doc. 77-3 at 1). Plaintiff has offered no evidence to create an issue of fact showing his father was born in the United States Virgin Islands. Nor has Plaintiff offered any evidence showing his father was ever present in the United States prior to Plaintiff's birth, let alone physically present for the duration of time required to transmit citizenship. Finally, Plaintiff has not alleged that his mother was ever a United States citizen, nor would the facts support such a claim. *See* (Doc. 71 at 3 ¶¶ 12, 13, 17) (Plaintiff's mother was born in Belize, she was a citizen of British Honduras, and she never travelled outside Belize).

Accordingly, Plaintiff has made no legal or factual argument that he is a United States citizen by birth under former section 1401(a)(7) or any other subsection of former section 1401.

### 2. Plaintiff Cannot Establish Citizenship by Birth in the United States

The only other way for Plaintiff to show citizenship by birth is to show he was born in the United States. *See Miller*, 523 U.S. at 423-24. Plaintiff alleges he was born in the United States Virgin Islands. (Doc. 73 at 3); (Doc. 70-1 at 3). However, Plaintiff has offered no evidence of any kind that he has ever been to the United States Virgin Islands or that he was born there. In spite of discovery requests by Defendant, Plaintiff has not

produced any birth certificate, medical records, or school records establishing his birth or presence in the United States Virgin Islands at any time. In response to discovery requests, Plaintiff declared he did not possess, nor could he obtain, any documents: (1) relating to his legalized birth certificate; (2) relating to his parents' birth, residence, or death; (3) showing he was the child of his parents; or (4) relating to his medical records during his first year of life. (Doc. 70-1 at 7-8, 10). Indeed, Plaintiff admitted he "did not request[ ] a birth certificate or ma[k]e an effort to obtain a birth certificate." (*Id*. at 12). He also did not produce any documents in response to Defendant's request for documents relating to his parents' entry into and/or presence in the United States between 1955 and 1965. (*Id*. at 7, 10). Significantly, although he claims he applied for a social security number in 1986, and that he applied for a United States passport in 1986, (*id*. at 4-5, 12), Plaintiff failed to produce any documentation supporting these claims. Instead of producing evidence of his birthplace, Plaintiff made vague, unsubstantiated assertions claiming to have been born on a plantation in West Christiansted, St. Croix, United States Virgin Islands. (*Id*. at 3). As he can have no personal recollection of the circumstances of his own birth, Plaintiff's assertion is based solely on his claim that he was told of the date and place of his birth by his father. (*Id*. at 3, 5). However, Plaintiff failed to substantiate his claim with any evidence. He proffered no statement from his father to that effect, nor any evidence concerning his father. Further, Defendant has presented evidence showing the United States Virgin Islands' Bureau of Vital Statistics, at its separate locations in both St. Croix and St. John, has no records relating to Plaintiff. (Doc. 71 at 11 ¶ 83). In sum, Plaintiff has failed to provide any evidence—documentary, testimonial, or otherwise—supporting his claim of birth in the United States Virgin Islands, and he has therefore failed to establish his claim of United States citizenship by a preponderance of the evidence. *Liberty Lobby*, 477 U.S. at 248; *see Rassano v. INS*, 377 F.2d 971, 973 (7th Cir. 1967) (noting lack of documentary evidence to support allegations of citizenship in finding that no genuine issue of material fact existed regarding claim of citizenship). Defendant is therefore entitled to judgment as a matter of law. *Id*.

While Plaintiff has offered no evidence to support his claim, Defendant has presented substantial evidence showing Plaintiff was in fact born in Belize. Plaintiff has acknowledged that he was born on August 31, 1959, and that his mother was named Phyllis McCoy. (Doc. 71 at 1-2 ¶¶ 1, 6). Defendant has presented Plaintiff's birth certificate under the name "Linsden Winston Graham," and indicating a date of birth of August 31, 1959, obtained from the Belizean Bureau of Vital Statistics. (*Id*. at ¶¶ 1, 84). Defendant has presented a criminal record for Plaintiff in Belize, which included Plaintiff's matching fingerprints and indicated he was born in Belize. (*Id*. at ¶¶ 26, 27, 28, 30). Defendant has offered evidence establishing that Plaintiff's father is Ernest McCoy, and that Plaintiff's parents, Ernest McCoy and Phyllis Graham were married on September 15, 1962, three years after Plaintiff was born. (Doc. 70 at 10). Evidence shows both of Plaintiff's parents were natives and citizens of British Honduras, which later became the independent nation of Belize. (*Id*. at 11). Evidence also shows that Ernest and Phyllis McCoy had three children in addition to Plaintiff and that Phyllis Graham has at least three living siblings. (*Id*.). Further, evidence shows Plaintiff has used numerous names during his life and that his aunt, Geraldine Graham ("Geraldine"), referred to Plaintiff as both "Linden" and "Linsden." (*Id*.). Plaintiff's younger sister Brenda Leslie, two of his maternal aunts, Geraldine and Rachel Jones, and his maternal uncle Phillip Graham, all identified photographs of Plaintiff as being their relative, Linsden Graham, and stated he was born in Belize. (*Id*. at 12-13).

Accordingly, Defendant has offered substantial evidence showing Plaintiff's given name is Linsden Winston Graham, that he was born in Belize on August 31, 1959, and that neither of his parents were United States Citizens. Plaintiff has failed to meet his burden to show that there is a genuine dispute regarding these facts. Therefore, Defendant is entitled to judgment as a matter of law.

## III. CONCLUSION

Based on the foregoing,

//

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 70) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Doc. 43) is denied, that Plaintiff's motion requesting to register on PACER (Doc. 46) is denied, that Plaintiff's motion to vacate the Court's order (Doc. 47) is denied, and that Defendant's motion to strike Plaintiff's supplement to Plaintiff's motion for summary judgment (Doc. 74) is denied, as all these motions are deemed moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall close this case.

Dated this 27th day of September, 2013.

James A. Teilborg
Senior United States District Judge